IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Room 5519 <br> 2201 C Street NW <br> Washington, D.C. 20520, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government and is headquartered at 2201 C Street NW, Washington, DC 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 22, 2015, Plaintiff submitted a FOIA request to Defendant, by certified mail, seeking access to the following records:

> 1. Copies of any and all Cooperation Agreements for the years 2014 and 2015 between the Department of State and the Voluntary Agencies (VOLAGs) involved in providing Reception and Placement (R&P) services to refugees arriving in the United States.
>
> 2. Copies of any and all Reception and Placement abstracts for the years 2014 and 2015 furnished to the Department of State by VOLAGs, entities subcontracting to VOLAGs, or entities affiliated with VOLAGS regarding the provision of R&P services to refugees arriving in the United States.
>
> 3. Copies of any and all transcripts of hearings held in 2014 and 2015 by the Department of State with representatives from VOLAGs, entities subcontracting to VOLAGs, entities affiliated with VOLAGs, the Department of Health and Human Services (HHS), and/or the Office of Refugee Settlement (ORR) regarding the provision of R&P services to refugees arriving in the United States.
>
> 4 Copies of any and all comments submitted to the State Department by members of the public at the hearings identified in Bullet 3 above.
>
> 5. Any and all records reflecting the number of refugees, their countries of origin, and destinations in the United States in which they were settled by the Bureau of Population, Refugees and

Migration (PRM) through R&P programs for the years 2013, 2014, and 2015.

6. By letter dated June 8, 2015, Defendant acknowledged receiving Plaintiff's request and advised Plaintiff that the request had been assigned Case Control No. F-2015-10718.

7. Defendant's acknowledgement letter for the May 22, 2015 request did not identify the date the request was received. According to U.S. Postal Service records, however, Defendant received Plaintiff's May 22, 2015 request on June 2, 2015.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's May 22, 2015 request within twenty (20) working days and to notify Plaintiff immediately of its determinations, the reasons therefor, and the right to appeal any adverse determinations. Accordingly, Defendant's determination on the May 22, 2015 request was due by June 30, 2015 at the latest.

9. On September 14, 2015, Plaintiff submitted a FOIA request to Defendant, by certified mail, seeking access to the following records:

> Any and all records regarding, concerning or relating to a meeting held on August 25, 2015 in Spartanburg, South Carolina between representatives from the State Department's Office of Refugee Resettlement and/or Bureau of Population, Refugees and Migration, and representatives from the non-profit organization known as World Relief. Records sought shall include, but not be limited to, notices of the meeting, meeting agenda, transcripts, recordings, materials presented by World Relief, multimedia presentations, abstracts, contracts and any other materials.

10. By letter dated October 19, 2015, Defendant acknowledged receiving Plaintiff's September 14, 2015 request and advised Plaintiff that the request had been assigned Case Control No. F-2015-14781.

11. Defendant's acknowledgement letter for the September 14, 2015 request did not identify the date the request was received. According to U.S. Postal Service records, however, Defendant received Plaintiff's September 14, 2015 request on September 22, 2015.

12. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's September 14, 2015 request and to notify Plaintiff immediately of its determinations, the reasons therefor, and the right to appeal any adverse determinations by October 21, 2015 at the latest.

13. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

14. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

15. Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16. Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's requests that are not lawfully exempt from production.

17. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 20, 2015

Respectfully submitted,

*/s/ Lauren M. Burke*
Lauren M. Burke
D.C. Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*